UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STUDIO WEST PRODUCTIONS, INC., § <br> § <br> Plaintiff, § <br> v. § <br> § <br> DOES 1 – 237, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:12-cv-3690 |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (Doc. No. 6.) After reviewing the motion and the applicable law, the Court concludes that the motion must be **GRANTED.**

I.  BACKGROUND

Plaintiff Studio West Productions, Inc. brought suit against Defendants Does 1-237 for infringement of copyrights. Plaintiff is a film producer and motion picture copyright holder who seeks to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the motion pictures for which it holds the exclusive licensing and copyrights, specifically *In the Name of the King 2: Two Worlds*, also known as *In the Name of the King: Two Worlds* ("Motion Picture"). (Doc. No. 6-1 p. 1.)

To identify infringers, Plaintiff engaged Guardaley Limited ("Guardaley"), a provider of online and anti-piracy services for the motion picture industry. (*Id.* at p. 6.) The Defendants committed the alleged infringement using online media distribution systems, called P2P networks. (*Id.*) Guardaley monitored these networks for the Motion Picture file. When Guardaley

1

identified the Motion Picture file, or a substantial part of it, Guardaley would download the file from the P2P network user. (*Id.* at p. 11.) Guardaley would then confirm that the file downloaded actually consisted of copies of Plaintiff's Motion Picture through a visual comparison of the downloaded file and the Motion Picture. (*Id.*) Guardaley would next open the downloaded files, watch them and confirm they contained a substantial portion of the Motion Picture. (*Id.* at p. 12.)

The P2P networks allow Defendants to use online pseudonyms rather than their true names. (*Id.*) As a result, Guardaley is able to identify the Doe Defendants only by their Internet Protocol ("IP") address and the date and time of alleged infringement. (*Id.* at p. 1.) An IP address, in combination with the date, is a unique numerical identifier that is automatically assigned to a user by its ISP each time a user logs on to or accesses the network. (*Id.* at p. 9.) An IP address does not enable Guardaley to ascertain the exact physical location of the computer or the infringer's identity. (*Id.* at p. 10.) The only way that Plaintiff can determine Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access. There are some ISPs who allocate certain of their IP addresses to other unrelated intermediary ISPs. Accordingly, Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference to determine the true identities of the Doe Defendants. Plaintiff requests the Court to allow Plaintiff to serve Rule 45 subpoenas on the ISPs and intermediary ISPs.

## II.     LEGAL STANDARD

In order to seek a subpoena for identifying information of users, courts have weighed several factors to balance the need for disclosure against First Amendment interests. These factors include: (1) a concrete showing of a *prima facie* claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the

subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 114 (2d Cir. 2010) citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d. 556, 565 (S.D.N.Y. 2004). See also *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 350 (D.D.C. 2011); *Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1179 (D. Kan. 2008); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 164 (D. Mass. 2008).

### III.  ANALYSIS

Balancing the need for disclosure against First Amendment interests in this case, the Court finds that the factors weigh in favor of Plaintiff.

#### A. *Prima Facie*

Plaintiff has asserted a *prima facie* claim for direct copyright infringement in its Complaint. Plaintiff has alleged that (1) it owns the exclusive rights under the registered copyright for the Motion Picture, and (2) the Doe Defendants copied or distributed the copyrighted Motion Picture without Plaintiff's authorization. (Doc. No. 1 ¶¶ 9-15.) These allegations state a claim for copyright infringement. *See* 17 U.S.C. § 106(1)(3); *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). *See also In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S.Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

### B. Specificity of the Request

Plaintiff has sufficiently identified the Doe Defendants through the unique IP address each Doe Defendant was assigned at the time of the allegedly unauthorized distribution of the copyrighted Motion Picture. ISPs can identify each Defendant by name through the IP address by reviewing its subscriber activity logs. Furthermore, Plaintiff, through Guardaley, has ensured that each Doe did in fact transmit an actual copy of the Motion Picture by opening and watching the file rather than relying on file names. The Court is satisfied that Plaintiff has identified infringing Defendants with as much specificity as it can.

### C. Absence of Alternative Means and Information Needed to Advance Claim

Plaintiff cannot proceed with claims without the discovery requested because the ISPs are the only entities that can identify the otherwise anonymous Defendants. Furthermore, a subpoena is appropriate because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. (Doc. No. 6-1 p. 13.) Once that information is erased, Plaintiff will have no ability to identify the Doe Defendants and will be unable to advance its claim.

### D. User's Expectation of Privacy

Other district courts have held that Doe Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs especially when they are engaging in illegal activity. *See Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kansas) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have her identity protected from disclosure under the First Amendment); *Artista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. Apr. 28, 2008) ("courts have routinely held that a defendant's First Amendment privacy interests are

4

exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). Furthermore, other circuits have held that, when Defendants enter into a service agreement with the ISPs, they knowingly and voluntarily disclosed personal identification information to it. *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person – the system operator").

This Court will not go as far as to make those findings, but consistent with prior decisions in this Court, a user's expectation of privacy does not prevent the issue of a subpoena. Defendants will have a chance to object and respond to Plaintiff's claims, and will have a chance to contest the subpoena before their names are turned over to Plaintiff. Thus, their information will remain private during the Court's determination of any motions that ISPs or Defendants wish to file. Thus, the Court believes that Defendants' First Amendment rights to anonymity do not preclude disclosure of identifying information. *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB*, 4:12-CV-00963, 2012 WL 4387420 (S.D. Tex. Sept. 25, 2012).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff is allowed to serve immediate discovery on the ISPs listed in Exhibit A to the Complaint (Doc. No. 1) to obtain the identity of each Doe Defendant, including those Doe Defendants for whom Plaintiff has already identified an IP

5

address and those Doe Defendants for whom Plaintiff identifies IP addresses during the course of this litigation, by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, and the ISPs shall respond to such subpoenas.

**IT IS FURTHER ORDERED** that the Plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the Declarations and Motion, or identified as providing network access or online services to one or more Doe Defendants by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by an individual IP address together with the date and time access to the torrent network by such IP address was made for the purpose of downloading unlawful copies of the Plaintiff's copyrighted motion picture. Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

**IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights.

**IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall not assess any charge to the Plaintiff in advance of providing the information requested in the Rule 45 Subpoena or for IP addresses that are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP address that does not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers.

**IT IS FURTHER ORDERED** that any ISP which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

**IT IS FURTHER ORDERED** that if the ISP and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena or before the expiration of any notice period provided by the ISP, whichever is earlier.

**IT IS FURTHER ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**IT IS FURTHER ORDERED** that Plaintiff shall provide each ISP with a copy of this Order.

**IT IS SO ORDERED.**

SIGNED in Houston, Texas, on this the 11th day of March, 2013.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**